Antonio Del Giudice Et Ux.
vs.
Helen N. Shanley    Eq. No. 7513

James F. Flynn
vs.
Helen N. Shanley    Eq. No. 7514

RESCRIPT
January 25, 1927

TANNER, P. J. These are two bills in equity heard upon the merits in which the complainants seek to enjoin the obstruction of a right of

way which consists of a garage built upon said right of way by the respondent.

The right of way was created by a recorded plat which showed the court or gangway, and by the selling of lots with reference to said recorded plat and bounding them upon said court.

The respondent disputes the creation of the easement and cites cases which show that the creation of such an easement is a question of intention.

While this is true, it is equally clear that the recording of a plat and the selling of lots with reference to said plat is quite sufficient evidence of intention to create an easement.

Baker vs. Barry, 22 R. I. at page 472.

Faulkner vs. Rocket, 35 R. I. 165.

The respondent also contends that there has been an abandonment of this easement.

There is no evidence that the planting of portions of said court by different abutting owners was so continuous or long continued as to amount to an abandonment by non-user. There are also no acts that clearly show any intention to abandon the easement by all or, in fact, by any of the abutting owners except the respondent.

Steere vs. Tiffany, 13 R. I. at page 68.

The respondent also contends that equity should not interfere to remove the obstruction.

It is true that in such a case the complainant must show some special ground for equity jurisdiction.

Bentley vs. Root, 19 R. I. 205.

We do not think that the complainant Flynn has shown any such special ground since the garage does not overlap his lots sufficiently to prevent his full egress to the highway through the court.

In the case of Antonio Del Giudice, however, we think the evidence does show such special ground. It appears that he does intend to use said court for egress with an automible in the near future at least.

Chaplin vs. Brown, 15 R. I. at page 586.

Complainant Flynn, therefore, we think may be left to his action at law, but we think that Del Giudice is entitled to a decree of removal. The respondent proceeded in the question of said garage with full notice of the objection by the complainant to its erection. His deed clearly gave him no such right as he now attempts to claim. In the case of Giudice an action at law would not be an adequate remedy.

10 Amer. & Eng. Ency. of Law, 2d ed. page 474, 3.

For complainants: James M. Gilrain.
For respondent: A. B. West.